IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT INDEPENDENCE, MISSOURI

| | |
|---|---|
| A.A., a minor, by and through her Next Friend ) | |
| F.A., F.A. individually, and M.A. individually, ) | |
| ) | |
| Plaintiffs, ) | |
| vs. ) | Case No. |
| ) | Division |
| LITTLE LEARNER, INC. ) | |
| 800 SE Church ) | |
| Lee's Summit, Missouri 64063 ) | |
| Please Serve: ) | Plaintiffs Demand Trial by Jury |
| Emily Hammerly ) | |
| 2505 NE Indian Point ) | |
| Lee's Summit, Missouri 64086 ) | |
| ) | |
| and ) | |
| ) | |
| LITTLE LEARNER II, LLC ) | |
| 3801 NE Independence Ave. ) | |
| Lee's Summit, Missouri 64064 ) | |
| Please Serve: ) | |
| George E. Kapke ) | |
| Kapke & Willerth, LLC ) | |
| 3304 NE Ralph Powell Road ) | |
| Lee's Summit, Missouri 64086 ) | |
| ) | |
| and ) | |
| ) | |
| EMILY HAMMERLY, Individually, ) | |
| 2505 NE Indian Point ) | |
| Lee's Summit, Missouri 64086 ) | |
| ) | |
| and ) | |
| ) | |
| JOSEPH HAMMERLY, Individually, ) | |
| 2505 NE Indian Point ) | |
| Lee's Summit, Missouri 64086 ) | |
| ) | |
| Defendants. ) | |

EXHIBIT A

## PETITION FOR DAMAGES

COME NOW Plaintiffs, A.A., a minor, by and through her Next Friend and natural father, F.A., F.A. individually, and M.A. individually, and through their counsel Monsees & Mayer, P.C., and for their cause of action against Defendants, state and allege as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over the causes of action asserted herein and over the parties to this action. Plaintiffs assert their claims under Missouri common law. This Court has jurisdiction because the negligent conduct causing Plaintiffs' injuries occurred in Lee's Summit, Missouri which is located in Jackson County, within the State of Missouri.

2. Venue is proper in this court under R.S.Mo. § 508.010, because Plaintiffs were injured in Lee's Summit, Missouri which is located in Jackson County, Missouri.

### PARTIES

3. Plaintiff A.A. is a minor and was at all times relevant to this complaint a resident of Jackson County, Missouri. Plaintiff A.A. is referred to in this public filing by pseudonym to maintain confidentiality of her identity.

4. Plaintiff F.A. is the natural father and Next Friend of minor Plaintiff A.A. and was at all times relevant to this complaint a resident of Jackson County, Missouri. F.A. is referred to in this public filing by pseudonym to maintain confidentiality of his minor child's identity.

5. Plaintiff M.A. is the natural mother of minor Plaintiff A.A. and was at all times relevant to this complaint a resident of Jackson County, Missouri. M.A. is referred to in this public filing by pseudonym to maintain confidentiality of her minor child's identity.

6. Defendant Little Learner, Inc. (hereinafter referred to as "LL") is a Missouri Corporation and at all times relevant to this complaint was in good standing and operating as a

daycare facility at 800 SE Church, Lee's Summit, Missouri 64063. LL can be served through its registered agent at the address listed above.

7. Defendant Little Learner II, LLC (hereinafter referred to as "LL2") is a Missouri limited liability corporation and at all times relevant to this complaint was in good standing and operating as a daycare facility at 3801 NE Independence Ave., Lee's Summit, Missouri 64064. LL2 can be served through its registered agent at the address listed above.

8. Defendant Emily Hammerly at all times relevant to this complaint owned and operated both LL and LL2 and was responsible for Plaintiff A.A.'s care and protection as her daycare provider. Defendant Emily Hammerly caused injury to Plaintiff while functioning as her protector, supervisor, and caregiver. Emily Hammerly can be served at the address listed above.

9. Defendant Joseph Hammerly at all times relevant to this complaint was employed as a daycare teacher and/or worker with LL and LL2 in Lee's Summit, Missouri and was acting within the course and scope of his employment for LL and LL2. Joseph Hammerly can be served at the address listed above.

10. Plaintiff A.A. suffered injuries caused by Defendants at their daycare facility, LL, located at 800 SE Church, Lee's Summit, Missouri 64063. At all times relevant to this complaint, Defendants acted in capacity as Plaintiff A.A.'s daycare provider, providing care and supervision to the minor child during times in which F.A. and M.A. worked.

## BACKGROUND FACTS APPLICABLE TO ALL COUNTS

11. F.A. and M.A. entrusted their minor child, A.A., to the care and supervision of Defendants during times when they worked.

3

12. Defendants provided daycare services to families and children, which they operated at their daycare businesses that they owned, located at 800 SE Church, Lee's Summit, Missouri 64063 and 3801 NE Independence Ave., Lee's Summit, Missouri 64064.

13. Defendant Emily Hammerly owned and operated both LL and LL2 and would work at and/or run both LL and LL2 simultaneously.

14. Defendant Emily Hammerly considered LL and LL2 one entity and would comingle their business.

15. Both Defendants Emily Hammerly and Joseph Hammerly were responsible for the care, support, and protection of the children that attended LL and LL2.

16. Defendant Joseph Hammerly worked at both LL and LL2 as a daycare teacher and/or worker.

17. Defendant Joseph Hammerly was initially trained as a daycare teacher and/or worker at LL2.

18. During the time Defendant Joseph Hammerly was employed at LL2 he was underaged and unfit to be included in the state required staffing ratio.

19. During the time period of late June to July 10, 2019, Defendant Joseph Hammerly sexually assaulted Plaintiff A.A. while she was under the supervision of LL, LL2, and Defendant Emily Hammerly.

20. On or about July 10, 2019, Defendant Joseph Hammerly sexually assaulted Plaintiff A.A. on at least two separate occasions while at LL.

21. On or about July 10, 2019, Defendant Joseph Hammerly coerced Plaintiff A.A. into the bathroom and had her put his penis in her mouth in exchange for "apple candies" from the "prize box" in the classroom.

22. At all times relevant, the assaults and injuries sustained by Plaintiff A.A. occurred while Plaintiff A.A. was under the supervision of LL, LL2, and Defendant Emily Hammerly.

23. Defendants Emily Hammerly, LL, and LL2 knew or should have known about Defendant Joseph Hammerly's propensity for violence and child sexual abuse and/or that he was unfit to provide proper care and supervision for the children at LL and LL2, including specifically Plaintiff A.A.

24. Defendant Emily Hammerly was told about the incident and did nothing to report the abuse as mandated by state law.

25. Despite having notice of the sexual abuse, Defendant Emily Hammerly allowed Defendant Joseph Hammerly to work following the incident, giving Defendant Joseph Hammerly unrestricted access to minor children including Plaintiff A.A.

26. Defendant Emily Hammerly knew or should have known, as a daycare provider, that she is mandated by law to report any abuse and neglect to the state the same day it is made known and/or occurs.

27. As soon as the sexual abuse was reported to Plaintiff A.A.'s Parents, Plaintiff A.A.'s parents reported it to the police.

28. The Missouri Department of Social Services, Children's Division, was notified of the incidents that occurred on July 10, 2019. After performing an investigation, the Department determined, by a preponderance of the evidence, Plaintiff A.A. was sexually abused and neglected at Defendants' facility.

29. Defendant Joseph Hammerly was criminally charged for sexual assault and abuse of Plaintiff A.A. This criminal case is currently pending in the Circuit Court of Jackson County, Missouri at Independence, Case No. 1916-CR04235.

30. Defendant Emily Hammerly was criminally charged for her failure to report as well as endangering the welfare of a children. This criminal case is currently pending in the Circuit Court of Jackson County at Independence, Case No. 1916-CR04234-01.

31. As a direct result of Defendants' wrongful conduct, Plaintiffs suffered, and will continue to suffer, great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life; and have incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.

## COUNT I
## NEGLIGENT TRAINING OF JOSEPH HAMMERLY
## AGAINST DEFENDANTS EMILY HAMMERLY, LL AND LL2

32. Plaintiffs incorporate all paragraphs of this Petition as if fully set forth herein.

33. Defendants Emily Hammerly LL and LL2 knew or should have known that Defendant Joseph Hammerly was underaged and unfit to be a daycare teacher and/or worker when they hired him to work at LL2.

34. Defendants Emily Hammerly LL and LL2 had a duty to properly train their daycare teachers and/or workers.

35. Defendants Emily Hammerly LL and LL2 negligently failed to properly train Defendant Joseph Hammerly as a daycare teacher and/or worker, especially with regard to proper bathroom procedures and being alone with students.

36. As a result of the breach of this duty, Plaintiff A.A. suffered damages.

37. Defendants Emily Hammerly LL and LL2's actions were willful, wanton, and reckless for which punitive damages and/or as award for aggravating circumstances are appropriate.

Electronically Filed - Jackson - Independence - February 20, 2020 - 02:06 PM

38. As a result of the above-described acts, Plaintiffs suffered, and continues to suffer, great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life; and have incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.

WHEREFORE, Plaintiffs pray for judgment against Defendants Emily Hammerly LL and LL2 for compensatory and punitive damages in an amount that is fair and reasonable in excess of twenty-five thousand dollars ($25,000), their costs herein and such further relief the Court deems just and equitable.

## COUNT II
## NEGLIGENT SUPERVISION OF JOSEPH HAMMERLY
## AGAINST ALL DEFENDANTS

39. Plaintiffs incorporate all paragraphs of this petition as if fully set forth herein.

40. Defendants knew, or should have known, about Defendant Joseph Hammerly's propensity for violence and child abuse and/or that he was unfit to provide proper care and supervision for the children at the day care, including specifically Plaintiff A.A.

41. Defendants had the duty to protect Plaintiff A.A. and the other children at the daycare from abusive acts, sexual assault, and/or inappropriate contact.

42. Defendants negligently failed to supervise Defendant Joseph Hammerly's interactions with the minor children where he was able to commit the wrongful acts against Plaintiff A.A.

43. Defendants' actions and/or inactions were willful, wanton, and reckless for which punitive damages and/or damages for aggravating circumstances are appropriate.

44. As a result of the above-described acts, Plaintiffs suffered, and continues to suffer, great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life; and have incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.

WHEREFORE, Plaintiffs pray for judgment against Defendants for compensatory and punitive damages in an amount that is fair and reasonable in excess of twenty-five thousand dollars ($25,000), their costs herein and such further relief the Court deems just and equitable.

## COUNT III
## NEGLIGENT FAILURE TO SUPERVISE CHILDREN
## AGAINST ALL DEFENDANTS

45. Plaintiffs incorporate all paragraphs of this Petition as if fully set forth herein.

46. Defendants had a duty to use ordinary care to protect the minor children against unreasonable risks of harm while in their daycare and/or under their care and supervision.

47. It is a well-known and foreseeable risk when providing care and supervision to minor children that some adults may attempt to have abusive contact and/or inappropriate contact with minors.

48. Defendants had the duty to protect minor Plaintiff A.A. from abusive acts and/or inappropriate contact.

49. In addition, Defendants LL, LL2, and Emily Hammerly had the duty to supervise and monitor the minor children, and their interactions with Defendant Joseph Hammerly, to avoid circumstances under which the subject abuse took place.

50. Defendants breached their duty to Plaintiff A.A., and were negligent, by:

a. Failing to properly care for and protect Plaintiff A.A. whereby Defendant Joseph Hammerly was able to physically abuse and sexually assault her; and

b. Failing to use reasonable care in supervising the minor children and/or failing to provide adequate warnings to the minor children's parents, including the parents of Plaintiff A.A., of the dangerous propensities of Defendant Joseph Hammerly and failing to adequately supervise him.

51. Defendants' actions and/or inactions were willful, wanton and reckless for which punitive damages and/or damages for aggravating circumstances are appropriate.

52. As a result of the above-described acts, Plaintiffs suffered and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life; and have incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.

WHEREFORE, Plaintiffs pray for judgment against Defendants for compensatory and punitive damages in an amount that is fair and reasonable in excess of twenty-five thousand dollars ($25,000), her costs herein and such further relief the Court deems just and equitable.

## COUNT IV
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
## AGAINST ALL DEFENDANTS

53. Plaintiffs incorporates all paragraphs of this Petition as if fully set forth herein.

54. The facts of the above described occurrence and the reasonable inferences therefrom demonstrate that such occurrence was directly caused by Defendants' failure to use a degree of care that an ordinarily careful person would use under the same or similar circumstances and Defendants were thereby negligent.

55. Such negligence involved an unreasonable risk of causing emotional distress to Plaintiffs of which Defendants knew, or by using ordinary care should have known.

56. As a direct and proximate result of Defendants' negligence, Plaintiffs suffered, and continues to suffer, severe emotional distress as a result of offensive touching and contact that is medically diagnosable and so significant as to require medical attention.

57. Further, as a direct result of the aforesaid conduct, Plaintiffs have and will in the future experience substantial pain, suffering, embarrassment, loss of enjoyment of life, past and future medical expenses, extreme emotional distress and mental anguish.

58. The aforesaid conduct of Defendants was outrageous, and in reckless indifference to the rights of Plaintiffs, for which Plaintiffs claim punitive damages in an amount sufficient to punish Defendants and deter them and others similarly situated from like conduct in the future.

WHEREFORE, Plaintiffs pray for judgment against Defendants for compensatory and punitive damages in an amount that is fair and reasonable in excess of twenty-five thousand dollars ($25,000), their costs herein and such further relief the Court deems just and equitable.

## COUNT V
## INVASION OF PRIVACY
## AGAINST ALL DEFENDANTS

59. Plaintiffs incorporate all paragraphs of this Petition as if fully set forth herein.

60. The facts of the above described occurrence and the reasonable inferences therefrom demonstrate that such occurrence was an invasion of privacy.

61. Plaintiff A.A. has a reasonable expectation of privacy while in the bathroom.

62. Defendants invaded that privacy when Defendant Joseph Hammerly went into the bathroom and performed the acts described above.

63. As a direct and proximate result of Defendants' acts, Plaintiffs have suffered, and will continue to suffer, severe emotional distress as a result of offensive touching and contact that is medically diagnosable and so significant as to require medical attention.

64. Further as a direct result of the aforesaid conduct, Plaintiffs have experienced, and will in the future experience, substantial pain, suffering, embarrassment, loss of enjoyment of life, past and future medical expenses, loss of income, extreme emotional distress and mental anguish.

65. The aforesaid conduct of Defendants was outrageous, and in reckless indifference to the rights of Plaintiffs, for which Plaintiffs claim punitive damages in an amount sufficient to punish Defendants and deter them and others similarly situated from like conduct in the future.

WHEREFORE, Plaintiffs pray for judgment against Defendants for compensatory and punitive damages in an amount that is fair and reasonable in excess of twenty-five thousand dollars ($25,000), their costs herein and such further relief the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

66. Plaintiffs demand a trial by jury on all issues triable in this case.

WHEREFORE, Plaintiffs ask that this Court award judgment against Defendants as follows:

1. Award compensatory and punitive damages in favor of Plaintiff against Defendants for damages sustained as a result of the wrongdoing of Defendants;
2. Award the Plaintiffs their costs and expenses incurred in this action; and
3. Grant such other and further relief as the Court deems appropriate and just.

Respectfully submitted,

MONSEES & MAYER, P.C.
A Professional Corporation

BY */s/ DAVID M. MAYER*
    DAVID M. MAYER,    #40861
    ROBERT A. THRASHER, #65231
    4717 Grand, Suite 820
    Kansas City, Missouri 64112
    (816) 361-5550
    (FAX) 361-5577
    dmayer@monseesmayer.com
    rthrasher@monseesmayer.com

**ATTORNEYS FOR PLAINTIFFS**